Roohana, Plaintiff in error, vs. The State, Defendant in error.

*May 4—May 21, 1918.*

*Homicide: Degrees: Assault and battery not one: Manslaughter.*

1. Under our statutes there is no lower degree of homicide than manslaughter in the fourth degree; and on a trial for any degree of homicide the defendant cannot be convicted of assault and battery.
2. Where the death of a person was caused by a blow struck in an unlawful assault upon him, the assailant is guilty, at least, of manslaughter.

Error to review a judgment of the municipal court of Milwaukee county: A. C. Backus, Judge. *Affirmed.*

Plaintiff in error was convicted of manslaughter in the fourth degree. The evidence shows that on the 26th day of September, 1915, in the city of Milwaukee, without provocation, plaintiff in error struck one James C. Davis across the face with the flat of his hand; that Davis immediately fell on the sidewalk, unconscious; that he was placed in an ambulance, taken to the hospital, and was dead upon his arrival there. Deceased's skull had been trephined a number of years before, and the region from which the bone had been removed by this operation was filled in with tough connecting tissue, to which was adherent a corresponding area of brain tissue. The doctor who performed the autopsy testified that this brain tissue had been torn away from the left hemisphere of the brain—torn out of the brain substance of the left hemisphere which corresponded in size to that of the bone defect. In the opinion of the doctor the cause of the tearing away of the brain tissue was a sudden motion of the yielding substance of the brain within the rigid container. The tissue which had supplanted and taken the place of the bone tore, as the result of the application of force, a certain propulsion of the skull which the brain could not follow, or a sudden in-

terference with the motion of the skull to which the brain could not adapt itself. The doctor testified that the force was the result of either a blow or a fall.

The defense was that the blow inflicted by the plaintiff in error was not of sufficient force to produce the resulting death of the deceased, nor was it sufficient to knock him down; that the deceased must have fallen to the sidewalk from some cause unknown, and that the impact of his head upon the sidewalk caused the brain disturbance which resulted in his death.

From a judgment of conviction of manslaughter in the fourth degree plaintiff in error brings this writ of error.

For the plaintiff in error there was a brief by *Rubin, Fawcett & Dutcher,* attorneys, and *W. B. Rubin* and *A. W. Richter,* of counsel, all of Milwaukee, and oral argument by *Mr. Richter.*

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Arthur H. Bartelt,* assistant district attorney, and oral argument by *Mr. Bartelt.*

OWEN, J. The reason urged for setting aside the conviction of plaintiff in error and for a reversal of the judgment is the refusal of the trial court to charge the jury that they might find the defendant guilty of assault and battery, claiming that assault and battery, under the circumstances of this case, is a lesser degree of the offense of homicide, and that the jury should have been accorded the opportunity of finding the defendant guilty of such lesser offense. The suggestion that the jury might have so found is supported by the circumstance that, after the jury had deliberated for some time, they returned into court and the foreman inquired of the court whether the jury could find the defendant (plaintiff in error) guilty of assault and battery. The court stated that the jury could not find him guilty of that offense, and

that they would have to determine whether the defendant was guilty of manslaughter in the fourth degree. The jury did find him guilty of manslaughter in the fourth degree, but recommended the exercise of the utmost leniency in the pronouncement of the sentence.

A reference to the statute law of this state effectually disposes of the contention made by the plaintiff in error. Secs. 4337 to 4362, inclusive, of the Statutes define the various degrees of homicide, consisting of three degrees of murder and four degrees of manslaughter. Immediately following these sections, dealing specifically with the various degrees of homicide, and as a sort of omnibus provision, evidently intended to comprehend every unjustifiable and inexcusable act on the part of one resulting in the death of another, comes sec. 4363, which provides:

"Every other killing of a human being by the act, procurement or culpable negligence of another, where such killing is not justifiable or excusable, or is not declared in this chapter murder or manslaughter of some other degree, shall be deemed manslaughter in the fourth degree."

Sec. 4365 provides:

"The killing of a human being by the act, procurement or omission of another in cases where such killing shall not be murder according to the provisions of this chapter is either justifiable or excusable homicide or manslaughter."

It is entirely plain from these statutory provisions that when the act, procurement, or culpable negligence of one results in the death of another, the moving party is guilty of at least manslaughter in the fourth degree. There may be excusable and justifiable homicides, but that is not the defense here. It is not contended that the killing was either justifiable or excusable. The contention rather is that death did not result from the act, procurement, or culpable negligence of plaintiff in error, and that he therefore is not guilty of the crime of which he was convicted. The verdict of the jury,

however, based upon sufficient evidence, establishes the fact that Davis did come to his death by reason of the blow inflicted by plaintiff in error. The fact that the jury might or would have found the plaintiff in error guilty of assault and battery merely, if accorded an opportunity to do so, is immaterial. When they were made to understand that they must find the defendant guilty of manslaughter in the fourth degree or acquit him, they found him guilty of such offense. Upon the state of the evidence in this case it must, therefore, be regarded as an established fact that the deceased came to his death by reason of the unlawful assault committed upon him by the accused. Sec. 4363 above quoted stamps such act as manslaughter in the fourth degree and recognizes no lesser element of the crime.

But there is another section of the statutes important to be considered in this connection, which would seem to foreclose every reasonable doubt of a legislative purpose to constitute manslaughter in the fourth degree the ground floor of homicide offenses, and further confirms the guilt of plaintiff in error of such crime. Sec. 4346 provides:

"The killing of a human being, without a design to effect death, by the act, procurement or culpable negligence of any other, while such other is engaged in the perpetration of any crime or misdemeanor not amounting to a felony, or in an attempt to perpetrate any such crime or misdemeanor, in cases where such killing would be murder at the common law, shall be deemed manslaughter in the first degree."

There is no pretense that the assault made by plaintiff in error upon deceased was excusable or justifiable. It is conceded that it was unlawful. The assault being unlawful and resulting, as the jury found, in the death of the person assaulted, the crime of manslaughter necessarily follows by force of sec. 4346 as well as sec. 4363.

The suggestion here made that a person on trial for any degree of homicide may be convicted of assault and battery,

is not a hackneyed one.    Indeed, we believe it to be rather original.    Notwithstanding the brief presented in behalf of plaintiff in error bears evidence of the diligence of counsel, no authority has been cited supporting the contention, except decisions in the state of Texas, which were founded on a statute of that state providing that under certain circumstances a person causing the death of another may be prosecuted for and convicted of any grade of assault and battery.    If judicial authority exists for the contention made here under statutory law similar to that of this state, it is as meager and obscure as we believe it to be fallacious.

*By the Court.*—Judgment affirmed.